UNITED STATES DISTRICT COURT   JS6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:26-cv-00411-RGK-ACCV | Date | March 31, 2026 |
|---|---|---|---|
| Title | *Rodriguez v. Ford Motor Co. et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   **(IN CHAMBERS) Order Re: Motion for Remand to Superior Court of California [15]**

## I.   INTRODUCTION

Plaintiff Edgar Rodriguez ("Plaintiff") brings this action against Ford Motor Company ("Ford") and Central Ford Automotive, Inc. ("Central Ford") (collectively, "Defendants"), arising from the purchase of a 2021 Ford Super Duty F-350. Ford[1] removed the case to this Court, invoking diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff moves to remand on the ground that Ford's removal was untimely under 28 U.S.C. § 1446(c)(1). For the following reasons, this Court **GRANTS** Plaintiff's Motion to Remand.

## II.   FACTUAL BACKGROUND

On September 19, 2023, Plaintiff filed suit in the Superior Court of California, County of San Bernardino, against Defendants. The Complaint asserts two causes of action under the Song-Beverly Consumer Warranty Act against Ford and a single negligent repair claim against Central Ford. Plaintiff is a citizen of California. Ford is a Delaware corporation with its principal place of business in Michigan. Central Ford is a California corporation.

On June 18, 2025, Defendants filed a Motion for Summary Judgment or Adjudication. On January 13, 2026, Judge Kory Mathewson issued a final ruling denying the motion as to the Song-Beverly claims against Ford, and granting the motion as to the negligent repair claim against Central Ford for failure to raise a triable issue of fact on the damages element. On January 22, 2026, Ford filed its Notice of Removal.

---

[1] Although the Notice of Removal was filed on behalf of Ford only, defense counsel represents both Ford and Central Ford. (*See* Higgins Decl. ¶ 3.)

UNITED STATES DISTRICT COURT                    JS6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:26-cv-00411-RGK-ACCV | Date | March 31, 2026 |
|---|---|---|---|
| Title | *Rodriguez v. Ford Motor Co. et al* | | |

### III.    JUDICIAL STANDARD

A defendant may remove a civil action from state to federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction over civil actions when there is complete diversity and when the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Under 28 U.S.C. § 1446(b)(3), if the initial pleading is not removable, a notice of removal may be filed within thirty days after the defendant receives a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case has become removable. 28 U.S.C. § 1446(b)(3). However, a case may not be removed based on diversity jurisdiction "more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1).

The removal statute is strictly construed against removal, and there is a "strong presumption" that a case should remain in state court. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The removing defendant bears the burden of establishing that removal is proper. *Id.* Any doubt regarding the existence of federal jurisdiction is resolved in favor of remand. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

### IV.    DISCUSSION

The parties do not dispute that this action was filed on September 19, 2023, and that Ford removed it on January 22, 2026—more than two years later. Under California law, an action commences when the complaint is filed. Cal. Civ. Proc. Code § 350. Ford's removal is therefore untimely unless the "bad faith" exception of § 1446(c)(1) applies.

The Ninth Circuit has not articulated what constitutes bad faith under § 1446(c)(1). *See, e.g., Theno v. Abbott Labs.*, 2025 WL 1706905, at *2 (C.D. Cal. June 17, 2025). District courts within this Circuit have consistently held that the exception imposes "a high threshold." *Kolova v. Allstate Ins. Co.*, 438 F. Supp. 3d 1192, 1196 (W.D. Wash. 2020); *NKD Diversified Elecs., Inc. v. First Mercury Ins. Co.*, 2014 WL 1671659, at *3 (E.D. Cal. Apr. 28, 2014). This approach is consistent with the strong presumption against removal jurisdiction in the Ninth Circuit. *See Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010). In assessing whether bad faith exists, courts consider: (1) the timing of naming the non-diverse defendant; (2) the timing of any dismissal; and (3) the explanation for that dismissal. *E.g., Theno*, 2025 WL 1706905, at *2.

The Court finds that the record does not support a finding of bad faith. Several factors compel this conclusion. First, Plaintiff named Central Ford in the original Complaint filed in September 2023. (Higgins Decl. ¶ 3.) Central Ford was not strategically joined at a later stage of the proceedings to defeat diversity. This factor weighs against bad faith. *See Heacock v. Rolling Frito-Lay Sales, LP*, 2016 WL 4009849, at *4 (W.D. Wash. July 27, 2016) (finding plaintiff's dismissal of non-diverse defendant more

UNITED STATES DISTRICT COURT                    JS6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:26-cv-00411-RGK-ACCV | Date | March 31, 2026 |
|----------|------------------------|------|----------------|
| Title | *Rodriguez v. Ford Motor Co. et al* | | |

than seven months past the one-year limitation for removal was not done in bad faith because plaintiff named said defendant "at the outset of the lawsuit").

Second, Central Ford was not voluntarily dismissed by Plaintiff. The state court granted summary adjudication in Central Ford's favor on January 13, 2026. (Higgins Decl. ¶ 3.) This dismissal is materially different from circumstances in which courts have found bad faith, namely, when a plaintiff voluntarily dismisses a non-diverse party shortly after the one-year deadline. *Cf. Kalfsbeek Charter v. FCA US, LLC*, 540 F. Supp. 3d 939, 943–44 (C.D. Cal. 2021) (plaintiff's voluntary dismissal of non-diverse party one year and five days after commencement weighed in favor of bad faith).

Third, Plaintiff actively litigated the negligent repair claim against Central Ford throughout the state court proceedings. The claim proceeded through more than two years of discovery. (Mot. for Remand, Ex. A.) When Central Ford moved for summary judgment, Plaintiff opposed the motion, submitting declarations and approximately 170 pages of repair records. (Mot. for Remand at 4; *see also* Notice of Removal, Ex. C at 6.) Courts have found that actively litigating claims against a non-diverse defendant weighs against a finding of bad faith. *See Heacock*, 2016 WL 4009849, at *4 (finding plaintiff did not name non-diverse defendant in bad faith where plaintiff served said defendant with two discovery requests and deposed her).

Fourth, the basis for Central Ford's departure from the case does not suggest Plaintiff named Central Ford in bad faith. The state court granted summary adjudication in favor of Central Ford because Plaintiff "fail[ed] to raise a triable issue of fact about the damages element for the negligent repair claim." (Notice of Removal, Ex. C at 6.) Ford argues that the claim was necessarily frivolous because it was barred by the economic loss rule. However, the state court did not hold that the negligent repair claim was frivolous or legally barred as a matter of law. Indeed, the court expressly declined to reach the economic loss rule issue, granting the motion solely on evidentiary grounds. *See id.* ("Assuming arguendo that the *Robinson* Court's analysis applies here, Plaintiff did not direct the court to specific evidence of Central[] [Ford's] negligent repairs."). Moreover, district courts in this Circuit have been "virtually unanimous in rejecting the argument that a dealer is fraudulently joined because the economic loss rule bars a negligent repair claim." *Cortez v. Nissan North America, Inc.*, 2024 WL 5054378, at *6 (C.D. Cal Dec. 10, 2024) (quoting *Andrade v. Ford Motor Co.*, 2023 WL 2586302, at *5 (S.D. Cal. Mar. 20, 2023)). Multiple courts have continued to find such claims facially valid even after the California Supreme Court's decision in *Rattagan v. Uber Techs., Inc.*, 17 Cal. 5th 1 (2024). *See, e.g., Luera v. Ford Motor Co.*, 2025 WL 2992483, at *2–3 (C.D. Cal. Oct. 23, 2025) ("The Court is not persuaded that [Ford's negligent repair claim] is precluded by the California Supreme Court's recent decision in *Rattagan* and the economic loss rule."); *Garcia v. Ford Motor Co.*, 2025 WL 314072, at *4 (E.D. Cal. Jan. 28, 2025); *Burch v. Ford Motor Co.*, 758 F. Supp. 3d 1092, 1099 (N.D. Cal. 2024).

Fifth, Ford has presented no evidence that Plaintiff took any affirmative steps to prevent removal within the one-year window. There are no allegations that Plaintiff concealed the amount in controversy,

UNITED STATES DISTRICT COURT                        JS6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:26-cv-00411-RGK-ACCV | | Date | March 31, 2026 |
|---|---|---|---|---|
| Title | *Rodriguez v. Ford Motor Co. et al* | | | |

delayed service of the Complaint, refused to respond to discovery, or otherwise manipulated the proceedings to frustrate Ford's ability to remove. Ford's own conduct further undermines its bad faith theory: Ford's counsel represented both Ford and Central Ford throughout the state-court litigation. And Ford filed a joint Answer on behalf of Central Ford rather than challenge the negligent repair claim at the pleading stage on economic loss grounds, which Ford now contends rendered the claim meritless from inception. (*See* Notice of Removal, Ex. B; Mot. for Remand, Ex. A.).

In sum, the Court finds that Ford has not carried its heavy burden of demonstrating that Plaintiff acted in bad faith to prevent removal. The one-year limitation of § 1446(c)(1) therefore bars Ford's removal.

V.    **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Remand is **GRANTED**, and this case is **REMANDED** to state court, in its entirety for all further proceedings.

**IT IS SO ORDERED.**

cc: California Superior Court, San Bernardino County, CIVSB2322798

_____  :  _____

Initials of Preparer                    JRE/vc